IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES F. PONEC, Individually and as Trustees of the James F. Ponec and Ann Marie Ponec Trust, dated 3/8/96, and ANN MARIE PONEC, Individually and as Trustees of the James F. Ponec and Ann Marie Ponec Trust, dated 3/8/96,<br><br>              Plaintiffs,<br><br>    V.<br><br>GUY STREVEY & ASSOCIATES, INC., GUY STREVEY, Individually, and HORNOR TOWNSEND & KENT,<br><br>              Defendants. | 8:14CV114<br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on Plaintiffs' Motion to Remand (filing 11). For the reasons explained below, the undersigned will recommend that Plaintiffs' motion be granted.

### BACKGROUND

This suit was originally filed in the District Court of Douglas County, Nebraska on June 8, 2012, and named as defendants Guy Strevey & Associates, Inc. and Guy Strevey (collectively the "Strevey Defendants"). On February 20, 2014, the state court granted Plaintiffs leave to file an amended complaint. The amended complaint named Hornor, Townsend & Kent, Inc. ("HTK") as a defendant. On that date, the state court also granted the motion for summary judgment filed by the Strevey Defendants, dismissing Plaintiffs' claims against them. HTK was served with the state court action on March 11, 2014.

The amended complaint alleges multiple theories of liability, including breach of fiduciary duty, negligence, fraudulent concealment, fraudulent misrepresentation, negligent misrepresentation and respondeat superior. (Filing 1.) These causes of action arise from

alleged recommendations made by financial advisor Guy Strevey that Plaintiffs liquidate certain mutual fund holdings and use those proceeds to purchase investments in entities called CitiPower, LLC and Forexco. The amended complaint alleges that HTK was Mr. Strevey's broker-dealer and was responsible for enforcing industry rules and regulations concerning the security sales of its registered representative, Guy Strevey. The amended complaint does not, however, explicitly reference a federal or state statute as a basis for recovery.

HTK removed this action on April 9, 2014, on the basis of federal question jurisdiction. (Filing 1.) Plaintiffs filed a motion to remand (filing 11) on April 16, 2014, arguing that the complaint only alleges state law violations, and that there are no federal claims involved in the pleadings. HTK maintains, however, that Plaintiffs are actually asserting federal securities claims which arise out of the Strevey Defendants' sale of unregistered securities to Plaintiffs and, thus, federal question jurisdiction exists.

## DISCUSSION

"A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there." *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005) (citation omitted). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." *Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Federal courts are to resolve all doubts as to the propriety of exercising federal jurisdiction in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

"Removal based on federal question jurisdiction is usually governed by the 'well-pleaded complaint' rule." *Phipps*, 417 F.3d at 1010 (citation omitted). The well-pleaded complaint rule "provides that federal jurisdiction may be invoked only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. This rule "makes the plaintiff the master of the claim, allowing the plaintiff to avoid federal jurisdiction by exclusive reliance on state law." *Id*. (quotation omitted).

Courts have recognized, however, that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). This doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id*. Still, the cases that fit within this doctrine are a "special and small category." *Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (quotation omitted). The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The relevant question is, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

Having reviewed the matter, the undersigned concludes that HTK has not met its burden of establishing that federal question jurisdiction exists. HTK has only argued for a broad application of federal law, without addressing the specific elements of Plaintiffs' state law claims. *See Cent. Iowa Power Co-op*, 561 F.3d at 914 (noting the party resisting remand "should be able to point to the specific elements of . . . [the] state law claims that require proof [that federal law] was violated and explain why that proof is necessary"). The amended complaint does not expressly or directly implicate questions of federal law and HTK has not demonstrated that Plaintiffs' claims require resolution of substantial questions of federal law.

Moreover, the fact that the alleged misdeeds occurred in the context of securities transactions, and could perhaps give rise to claims under federal securities laws, does not necessarily preclude Plaintiffs from pursuing relief in state court. For instance, in *Firefighters' Retirement System v. Regions Bank*, 598 F. Supp.2d 785 (2008), an investor brought a state court action against a bank, an asset management company and an investment officer, asserting claims for violations of Louisiana securities laws, breach of fiduciary duty, bad-faith breach of contract, tortious mismanagement of assets, negligent misrepresentation, detrimental reliance, and failure to adequately supervise the investment officer. The

defendants removed the action, and the investor moved to remand to state court arguing that there was no federal question jurisdiction. Remanding the action, the court found that because the case involved the nature and consequences of certain oral and written misrepresentations made by the defendants concerning investments which could largely be resolved by reference to state law, with limited consultation of federal securities law, the plaintiff's claims did not raise a substantial question of federal law warranting the exercise of federal question jurisdiction. *See also* [Glazer Capital Mgmt. v. Elec. Clearing House, Inc., 672 F. Supp.2d 371, 377 (S.D.N.Y. 2009)](#) (remanding case for lack of federal question jurisdiction even though the action could have been brought under federal securities laws). As in *Firefighters'*, the application and meaning of federal law is not a central element of Plaintiffs' suit and substantial issues of federal law have not been raised.

Plaintiffs have requested an award of attorneys' fees incurred in presenting the motion to remand. However, attorneys' fees should only be awarded "where the removing party lacked an objectively reasonable basis for seeking removal." [Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)](#). Because the Court finds that HTK was objectively reasonable in seeking removal, Plaintiffs' request for fees will be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** to the Honorable Laurie Smith Camp, Chief United States District Court Judge, that Plaintiffs' Motion to Remand ([filing 11](#)) be granted.

The parties are notified that failing to timely object to this Findings and Recommendation as provided in the local rules of this Court may constitute a waiver of any objection.

**DATED June 30, 2014.**

                                               **BY THE COURT:**

                                               **S/ F.A. Gossett**
                                               **United States Magistrate Judge**