IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES F. PONEC and ANN MARIE PONEC, Individually and as Trustees of the James F. Ponec and Ann Marie Ponec Trust, dated 3/8/96,<br><br>Plaintiffs,<br><br>vs.<br><br>GUY STREVEY & ASSOCIATES, INC., GUY STREVEY, and HORNOR TOWNSEND & KENT,<br><br>Defendants. | CASE NO. 8:14CV114<br><br><br>MEMORANDUM<br>AND ORDER OF REMAND |

This matter is before the Court on the Findings and Recommendation of Magistrate Judge F.A. Gossett (Filing No. 28), recommending that the Plaintiffs' Motion to Remand (Filing No. 11) be granted; and on the Objections to the Findings and Recommendation (Filing No. 29) filed by Defendant Horner, Townsend & Kent ("HTK").

After considering the contents of the Second Amended Complaint (Filing No. 1-1), HTK's Answer (Filing No. 7), the Plaintiffs' Motion to Remand (Filing No. 11) and supporting brief (Filing No. 13), HTK's briefs in opposition to the Motion to Remand (Filing No. 17, 22, and 26-2[1]), the Magistrate Judge's Findings and Recommendation (Filing No. 28), and HTK's Objections thereto (Filing No. 29), the Court concludes that the Findings and Recommendation should be adopted in their entirety and the case remanded to the District Court of Douglas, County, Nebraska, for further proceedings. Specifically, the Court has considered, *de novo*, pursuant to Fed. R. Civ. P. 72(b)(3), that part of the Magistrate Judge's Findings and Recommendation to which HTK objects, *i.e.*, the Magistrate Judge's conclusion that HTK did not meet its burden of establishing federal

---

[1] HTK's proposed supplemental brief was attached to its Motion for Leave to File Supplemental Brief (Filing No. 26). Leave was granted to HTK to file the supplemental brief on or before June 9, 2014 (Filing No. 27). Although the supplemental brief was not separately filed, the Court nonetheless has reviewed it and considered its contents.

question jurisdiction. While the factual allegations in the Second Amended Complaint might support one or more federal causes of action, none is presented.[2]

"All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig*., 591 F.3d 613, 620 (8th Cir. 2010).

Accordingly,

IT IS ORDERED:

1. The Objections to Magistrate Judge's Findings and Recommendations submitted by Defendant Hornor, Townsend & Kent (Filing No. 29) are overruled;

2. The Magistrate Judge's Findings and Recommendation (Filing No. 28) are adopted in their entirety;

3. This matter is remanded to the District Court of Douglas County for further proceedings, pursuant to 28 U.S.C. § 1447(c); and

4. The Clerk will mail a certified copy of this Order of Remand, and the Magistrate Judge's Findings and Recommendation, to the Clerk of the District Court of Douglas County.

---

[2] "As master of the complaint, a state plaintiff can generally avoid removal to federal court by alleging only state law claims." *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "Under the well pleaded complaint rule, a federal question must appear on the face of the plaintiff's complaint in order to create federal question jurisdiction." *Id*. (citing *Caterpillar,* 482 U.S. at 392). "If the plaintiff's action is brought under state law, the case may not be removed under federal question jurisdiction even if federal law were to provide a defense, and 'even if both parties concede that the federal defense is the only question truly at issue.'" *Id*. (citing *Caterpillar*, 482 U.S. at 393). "The rule that a federal defense does not create federal jurisdiction includes the defense of preemption." *Id.* "Complete preemption only applies where a federal statute 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal.'" *Id*. (alteration in original) (citing *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65 (1987)). "For a statute to provide federal question jurisdiction under this exception it must have 'extraordinary pre-emptive power,' a conclusion courts are reluctant to reach." *Id*. (citing *Metro Life*, 481 U.S. at 65). Even when an action presents a federal question, removal is not mandated where state courts have concurrent jurisdiction. The "deeply rooted presumption in favor of concurrent state court jurisdiction is, of course, rebutted if Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim." *Tafflin v. Levitt*, 493 U.S. 455, 459 (1990). "'[I]f exclusive jurisdiction be neither express nor implied, the State courts have concurrent jurisdiction whenever, by their own constitution, they are competent to take it.'" *Id*. (quoting *Claflin v. Houseman*, 93 U.S. 130, 136 (1876).

DATED this 16th day of July, 2014.

                          BY THE COURT:

                          s/Laurie Smith Camp
                          Chief United States District Judge